**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALI JONES, | ) | CASE NO. 1:09-cv-02172-GSA PC |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | ) ) | |
| JAMES HARTLEY, et al., | ) | (Doc. 1) |
| Defendants. | ) ) | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff, formerly an inmate in the custody of the California Department of Corrections (CDCR) and Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Avenal State Prison. The events that give rise to this lawsuit occurred while Plaintiff was housed at Avenal. Plaintiff claims that defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following defendants employed by the CDCR at Avenal State Prison: Warden James Hartley; Physician's Assistant Barry Green; Licensed Vocational Nurse (LVN) Rush; LVN Johns; LVN Klester; LVN Salazar.

On October 30, 2008, Plaintiff was escorted to the medical clinic at Avenal, complaining of "violent coughing and flu like symptoms." Plaintiff was treated with tylenol and was released. (Compl. ¶ IV.) Plaintiff alleges that on November 11, 2008, he "went man down" and was taken to the medical clinic and seen by defendant Physician's Assistant Greene. Plaintiff complained of body aches, night sweats, and difficulty breathing. Plaintiff offered his own opinion that he suffered from valley fever. Id. Plaintiff alleges that he was told that nothing was wrong, and left the clinic "without a full examination and without a chest x-ray to determine the true cause of my breathing

problem." Id.[1] Plaintiff went "man down" on November 17, 2008, and was taken to the medical clinic. Plaintiff alleges that he was "turned around by RN Salazar after hearing weazing [sic] in my lungs for a future doctor's appointment in which the entire time I've been suffering from valley fever and pneumonia." Id. Plaintiff alleges that "staff" sent Plaintiff back to his housing unit with life threatening injuries. (Compl. ¶ V.)[2]

On November 19, 2008, Plaintiff returned to the medical clinic. After a chest x-ray, Plaintiff was transported to Coalinga Medical Center where he was diagnosed with pneumonia and valley fever. Plaintiff was told by the physicians at the Coalinga Medical Center that his lungs were "very nasty." Id. Plaintiff spent two weeks in the hospital. Plaintiff alleges that the infection was "induced by the delay of my medical treatment and care by Avenal State Prison's (Warden) James Hartley and P.A. - C Barry Green, (RN) Salazar, (RN) John's, (RN) Kush." Id.

**B.   Claims**

**1.   Eighth Amendment**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

---

[1] Page 16 of the exhibits attached to the complaint is a copy of CDC Form 7254, Outpatient Interdisciplinary Progress Notes, indicating that Plaintiff was seen at the medical clinic on November 12, 2008. Plaintiff presented with shortness of breath, sweating and general malaise. Plaintiff was diagnosed with mild costochondritis. The records noted that Plaintiff was stable and did not appear to be in distress.

[2] Page 17 of the exhibits attached to the complaint is a copy of CDC Form 7362, Health Care Services Request Form, indicating that Plaintiff was seen on November 17, 2008, by Defendant Salazar. It appears that Defendant Salazar indicated that Plaintiff my be suffering from "URI/Rhinitis/Pharyngitis." The record indicates that Plaintiff was stable upon release, and a referral to an M.D. was made for November 19th

1  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97 (1976)). The two part test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

Here, the allegations indicate that Plaintiff, at most, alleges negligence. Although Plaintiff contends that he was sent back to his cell with life threatening injuries, the exhibits submitted by Plaintiff in support of his complaint indicate that each time he presented to the clinic for care, he was evaluated and returned to his cell with no apparent distress.[3]  Once it was determined, on November 19th, that Plaintiff may have serious breathing issues, Plaintiff was scheduled to see a physician in two days. Plaintiff was seen, and immediately referred to Coalinga Medical Center for care. That Plaintiff, in his view, should have received a chest x-ray earlier, does not subject defendants to liability. Plaintiff alleges that after being seen by Defendant Green on November 11th, he was sent back to his cell "without a full examination and without a ches x-ray." (Compl. ¶ IV.)  Plaintiff does not allege that he was denied any treatment, or that he was not evaluated. The gravamen of Plaintiff's complaint is that he should have received better care. There are no allegations that Plaintiff was denied care. Plaintiff cannot prevail in a section 1983 action where only the quality of

---

[3] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Further, Plaintiff alleges that the delay in treatment caused him harm. Specifically, Plaintiff alleges that his infection "was induced by the delay of my medical treatment and care" by medical staff. (Compl. ¶ V.) The factual allegations of the complaint contradict this claim. Plaintiff alleges on November 17th, an appointment was made to see a physician on November 19th. Plaintiff was seen on November 19th, and sent to Coaling Medical Center on the same day. There are no allegations that any physician or diagnostic test indicated any earlier than November 19th that Plaintiff had a serious condition. An allegation that defendants should have known about Plaintiff's condition, based on Plaintiff's representations, states a claim for negligence at most.

In order to hold defendants liable under the Eighth Amendment, Plaintiff must allege specific facts indicating that they knew of a serious medical condition of Plaintiff's, and acted with disregard to that condition. The facts alleged in this case indicate that none of the defendants was aware of a serious condition until the chest x-ray, at which point Plaintiff was referred to Coalinga Medical Center. Although Plaintiff alleges that he told defendants that he had valley fever, there are no facts indicating that defendants were aware of any objective medical information that Plaintiff had a serious condition. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Under this standard, the prison official must not only "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Id. at 1057, (quoting Farmer, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002). Plaintiff has not alleged facts that satisfy this standard.

///

///

**2. Supervisory Liability**

1    Plaintiff names as a defendant Warden James Hartley.  Plaintiff alleges that Warden Hartley
2 deprived Plaintiff of adequate medical care, but does not specifically allege any facts indicating that
3 Warden Hartley knew of and disregarded a serious medical condition of Plaintiff's.  Under section
4 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated
5 in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no
6 respondeat superior liability, and each defendant is only liable for his or her own misconduct.
7 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the
8 constitutional violations of his or her subordinates only if he or she "participated in or directed the
9 violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d
10 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler
11 II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.
12 Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff does not allege any facts indicating that
13 Warden Hartley had personal knowledge of Plaintiff's condition and acted with deliberate
14 indifference to that condition.  Warden Hartley should therefore be dismissed.

15 **III.    Conclusion and Order**

16    The Court has screened plaintiff's complaint and finds that it does not state any claims upon
17 which relief may be granted under section 1983.  The Court will provide plaintiff with the
18 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
19 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not
20 change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,
21 507 F.3d at 607 (no "buckshot" complaints).

22    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
23 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
24 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
25 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
26 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

27    Finally, plaintiff is advised that an amended complaint supercedes the original complaint,
28 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 28, 2010**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE